Holliday vs. Lewis.

---

## HOLLIDAY vs. LEWIS.

1. A party who never has had the actual possession of personal property, and who is not the general owner cannot maintain replevin, against a party in actual possession. The general rule, both in trover and replevin, is, that a person having only a special property, or interest of a temporary or limited nature, must have had the possession.

## ERROR to Buchanan Circuit Court.

### STATEMENT OF THE CASE.

This was an action of replevin, brought in the Buchanan circuit court, at the March Term, 1848, by Holliday vs. Lewis for the recovery of three mules, which were alleged to be the property of Holliday, and to have been taken and detained by Lewis. The mules were replevined by the sheriff and delivered to Holliday.

The defendants pleaded the general issue. The parties went to trial. The plaintiff made proof that defendant, in the fall of 1847, was enquiring for Stockton's mules for Holliday, the plaintiff—that witness delivered two mules to the defendant, which he supposed belonged to Commodore Stockton—that defendant had two brown mules and one gray one which were worth from $90 to $110. That Major Gillespie was superintending the making of contracts for wintering Stockton's mules, and that he told him that he had hired Benjamin Holliday to winter the mules at $1 50 per month—that Stockton's mules were delivered to Higby (a witness of plaintiff) on the west side of the Missouri river, who received them for the plaintiff, Holliday—that Higby received all the mules that were there and delivered them to plaintiff at Weston—that plaintiff told witness that some of the mules were left on the route, and that he expected that the Indians would bring them in to the river. Plaintiff gave Higby an order to

take them into his possession. That Higby called on the defendant at St. Joseph, who told him that he had three mules of Stockton's party; that he would give them up to Stockton or Gillespie, but that Holliday had no right to them. It was proved by another witness that Stockton had told one Corby, that he had authorised Gillespie to contract for wintering the mules, and that Gillespie had made such contract with plaintiff; Jesse Holliday, a witness, swore that he was acquainted with the parties to this suit, and that the controversy was about three mules. That Major Gillespie was in command of the expedition that came from California with Commodore Stockton—that he had seen Major Gillespie write, and knew his signature to an order produced to be genuine, and that he heard Major Gillespie say that he had executed it. That before the commencement of this suit, he demanded the said mules of defendant, as the agent of Benjamin Holliday. Defendant asked pay for keeping the mules—witness offered to pay him the money for keeping the mules, but defendant refused to give up possession of the mules, alleging that plaintiff had no right to the mules. That the money tendered for keeping the mules was a sufficient amount, and that the amount was not objected to by defendant. The plaintiff then read in evidence an order subscribed by Archer Gillespie, which authorised plaintiff to receive the possession of any mules and horses which had strayed from the party or been left by the escort of Commodore Stockton, lately under the command of said Gillespie, which order was dated 27th October, 1847.

This was all of plaintiff's evidence.

The defendant, at the time, objected to the admission of all of the above evidence, which said objections were made to each several part or parts of said evidence, as the same was introduced, on the ground that the same was hearsay evidence. The court overruled all of said objections and admitted said evidence to go to the jury. The defendant took exceptions to the said opinion of the court.

The defendants produced no evidence, but asked the court to give the jury certain instructions, as the law governing this case, as follows:

"Unless the plaintiff proves his right to the immediate possession of the mules in controversy, they will find for the defendant Lewis.

"If the plaintiff, Holliday, fails to prove some general or special property in said mules, the jury will find for the defendant Lewis."

"If from the evidence they believe that the plaintiff is not now in the possession of the said mules, they will find for the defendant Lewis.

"If they believe that the defendant did not wrongfully or tortuously take said mules; or did not wrongfully detain the same, they will find for the defendant Lewis.

"They cannot find for the plaintiff in this cause, unless they believe that defendant detained two brown mules and one gray mule, to the possession of which plaintiff had a right at the time of commencing this suit.

"If the jury find for the defendant, they will find the value of the mules and damages for their detention from the time they were taken by the sheriff to this time.

"In the absence of all proof as to value of the mules, they will find the ordinary value of mules.

"If, although plaintiff had authority to gather up the mules from Commodore Stockton, the owner, and to keep them, if plaintiff did not find the mules sued for, and they never were in his possession until they were delivered into his possession by the sheriff, by virtue of this suit, they will find for defendant.

"The paper read in evidence, executed by Archer W. Gillespie to plaintiff marked (A) confers no authority upon plaintiff to sue for the mules in this case."

Which said instructions were refused by the court and the opinion of the court excepted to.

The court gave the jury the following instructions:

"If the mules in contest belonged to Commodore Stockton, and Stockton, either by himself or through any of his subordinate officers, let the keeping of the mules in the declaration mentioned to plaintiff and authorised him to take them into possession, and plaintiff made demand thereof of defendant who had them in possession, before the commencement of this suit, offer-

Holliday vs. Lewis.

ing reasonable pay for his trouble, then the plaintiff was entitled to the possession thereof, and the jury will find for plaintiff, but if plaintiff was not entitled to the possession, the jury will find for the defendant.

"If the jury find for plaintiff, they will find damages for the detention but not for the value, the mules having been delivered to plaintiff by the sheriff on the writ in this case."

"If the jury find for the defendant, they will find the value of the mules and also damages for the use of the same from the time of issuing the writ in this case."

To the giving of the said instructions the defendant excepted.

The jury then found a verdict for the plaintiff, and the defendant moved in arrest of judgment, and to set aside the verdict and give a new trial for reasons assigned, which were severally overruled by the court and the opinions of the court excepted to. Judgment being rendered upon the verdict, against the defendant, he hath brought the case to this court by writ of error, and assigned for error the opinions of the court excepted to.

HAYDEN & VORIES for plaintiff in error.

1. The plaintiff in this case claims the mules named in the declaration as baillee, but the evidence shows he never had the mules in his possession before the commencement of the suit and therefore had no such property in the mules as would authorize him to sue in this form of action in his own name.

2. The plaintiff only shows by the evidence an authority to obtain the possession of the mules for a particular purpose, which gave him no right to sue in this form of action in his own name, but the suit, if any, should have been brought in the name of his principal.

3. To authorize the plaintiff to maintain this action, he must have had, either the general or special property in the mules, at the time that they were taken by the defendant, and if he only had a special or limited property in the mules, he must also have had the actual possession thereof: 1 Chitty's Pl. 7th ed. 70, 71, 173.   The same rule governs both in replevin and trover: 1st C. P. 187–8 and note m; also page 375.

4. A person who has a special property in goods may support this action against a stranger who takes them from his actual possession: 1 Chitty's Pl. 173; 2 Greenl. Ev. § 640, and authorities there cited.

5. The reason why a sheriff, factor or other bailee may maintain this action of trover in consequence of their special property in goods, taken out of their possession, is because they are liable over to their principals: Adams vs. Childers, 10 Mo. R. 778; 12 I. R. 403.

6. Holliday, in this case, could not have been liable over to his principal, until he had the mules in his actual possession: 12 I. R., 403.

7. Our statute has not changed the common law upon this subject; the statute only changes the law in reference to the manner of taking the possession by a defendant, and not as to plaintiffs' right to the property. The cases relied on by the defendant in error only go thus far.

It is not deemed necessary to refer to authorities to show that hearsay evidence is not admissible, as the court clearly erred in that.

ARCHER, for defendant in error.

1. The action of replevin, in this State, is a statutory action, and the rights of plaintiff must be determined by the Statute, the principles of the common law having no application.   Statute on replevin, Crocker vs. Mann, 3 Mo. Rep. 472; Skinner vs. Stone, 4 Mo. Rep. 93, 4, 5; Wright's Ohio Rep. Stone vs. Wilson, page 157.

2. The doctrine that the plaintiff must have had the actual possession, coupled with the special or limited property in the mules in controversy, is not applicable to our Statute; because under the Statute, the action may be sustained for a wrongful detention as well as a lawful taking and detention, which is the common law action.

Holliday vs. Lewis.

3. To comply with the Statute, it is only necessary to show that the plaintiff has the right to immediate possession and that the same property was found in the hands of another.

4. It is contended; that even under the requirements of the common law Holliday had the possession of the mules, Lewis holding for him, and that he could maintain the action after the demand made.

5. It is said by Lewis that Gillespie should have been plaintiff, but he was not, as is shown by the testimony, entitled to the immediate possession of the mules, and could not maintain the action.

RYLAND, J., delivered the opinion of the court. .

The only question from the above statement, of any importance for our consideration, is that which respects the plaintiff's right to maintain this action. Can the plaintiff Holliday, who never had the actual possession of the mules in question, and who was not the general owner, maintain replevin against the defendant, Lewis, who had the mules in his actual custody?

Chitty, in his Treatise on Pleading, says a person having a special property in the goods may support trover against a stranger who takes the goods out of his actual possession; as a sheriff, carrier, factor, a warehouseman, consignee, pawnee, or trustee, or an|agister of cattle: 1 Chitty's Pleadings 173. There must be actual possession; the goods must be taken from the possession of him who has the special property.

"An action for an injury to personality may also be brought in the name of the person having only a special property or interest of a limited or temporary nature therein. But in this case, the general rule seems to be that the party should have had the possession." 1 C.'s Pld'ngs 71

Greenleaf, speaking of evidence in trover, says, there must be shown in the plaintiff a right to the present possession of the goods. If he has only a special property, there must ordinarily be evidence of actual possession. 2 Greenleaf Ev. section 640.

In this case, the testimony only shows an authority given to the plaintiff by one Archer W. Gillespie to send for, take and receive any mules or horses which strayed from the party or had been left upon the road by the escort of Commodore R. F. Stockton, under the command of said Gillespie. The plaintiff was merely the agent of said Gillespie, to take and receive the mules or horses that had strayed or been left on the route. He never had these mules in his possession; was not in any way liable over for them to Gillespie, and has no right of action in his own name for them. The court below erred in refusing to give the instructions asked for by the defendant in regard to the plaintiff's right to immediate possession—also in regard to the right of a person who has a special property to maintain this action, without actual possession hav-

ing been once had. The authorities are ample on this subject, and although, these here cited speak of the action of trover, they are applicable to replevin.

The court erred in giving the instruction to the jury which appears on the record as the first one given. This instruction does not contain the law of the case.

There is much testimony preserved in the bill of exceptions, which is nothing more than hearsay, and it should not have been given to the jury.

The other judges concurring, the judgment below is reversed and cause remanded to be further proceeded in accordance with this opinion.